KRASMO VANDO DE LEÓN, Petitioner and Appellant, v. MUNICIPAL COURT OF SAN JUAN, THIRD SECTION, Respondent and Appellee.

No. 9125. Argued May 7, 1945.—Decided May 21, 1945.

Eduardo Ortiz Reyes for appellant. Damián Monserrat, Jr., Gabriel de la Haba, and Rafael Baragaño, Jr., for intervener, plaintiff in the main action.

MR. CHIEF JUSTICE TRAVIESO delivered the opinion of the court.

On October 13, 1944, the Municipal Court of San Juan rendered judgment for plaintiff in an action of unlawful detainer brought by Ernesto Obie Rivera against the petitioner-appellant herein, Erasmo Vando de León. On the same day, the clerk of the municipal court, after entering said judgment, notified the same to the defendant Vando by mailing the notice to the latter's residence, as shown by the record.

On November 21, 1944, defendant Vando filed a motion in the municipal court praying that the service of notice made upon him by mail be set aside, on the ground that the same was contrary to law as the notice had not been personally served on him or his attorney, in accordance with the provisions of § 320 of the Code of Civil Procedure. Upon said motion being denied, the defendant applied to the district court for a writ of certiorari to review the decision of the municipal court. The district court, after hearing the parties discharged the writ issued. The defendant thereupon appealed.

The plaintiff, intervener-appellee herein, has asked us to dismiss the appeal on the ground that the same is frivolous and has been taken for the sole purpose of delaying the execution of the judgment.

■■ Section 630 of the Code of Civil Procedure, 1933 ed. (Unlawful Detainer Act, § 11, as amended by Act No. 11 of 1929, Sess. Laws, p. 138), provides that appeals in cases of unlawful detainer "shall be taken within a term of five (5) days counting from the date on which notice of the judgment was given to the parties prejudiced thereby, or to their attorneys, by the clerk of the corresponding court."

As may be seen from a slight reading of the statute, the latter does not require that the notice of judgment be personally served on he aggrieved party or his attorney. Nor does it expressly authorize the sending of said notice by mail.

The intervener-appellee maintains that, as the lawmaker has not provided the form in which the service of notice should be made, said notice must be served in accordance with the provisions of § 2 of the Act of March 9, 1911 (note to § 295 Code of Civil Procedure, 1933), to the effect that "it shall be the duty of the secretary of the court *to mail (sic)* [1] *a written notice to the losing party* or his attorney when the

---

[1] The Spanish text of the statute uses the word *"enviar"* (*"send"*).

judgment from which the appeal may be taken is rendered, notifying him of the rendition of the judgment, etc."

We think that the applicable statute is the Act of March 11, 1908, Laws of 1908, p. 168, to regulate appeals from judgments of municipal courts in civil cases. Section 1 of said Act, as amended by Act No. 2 of 1929, Laws of 1929, p. 122, provides:

"Section 1.—When a municipal court has entered judgment in a civil case, disposing finally of the case, any party to the action who considers himself aggrieved may appeal to the district court for the judicial district in which the municipal court is situated. He shall make the appeal by serving a written notice thereof upon the secretary of the municipal court within the ten days following that on which notice of judgment shall have been served on the party against whom judgment was rendered, or on his attorney, and by serving like notice within a like period on the adverse party or on his attorney; *Provided,* That in all cases where an appeal may be taken, as provided by this section, it shall be the duty of the secretary of the court to send to the aggrieved party, or to his attorney, upon the rendering of such appealable sentence or decision, a written notice informing said aggrieved party that such sentence or decision has been rendered; and a copy of said notice shall be filed with the record of the case. The time for the filing of the appeal shall begin to be counted from the date on which such notice was filed."

The provisions of the above-quoted Section are substantially the same as those of § 2 of the Act of March 9, 1911, *supra,* which are applicable to appeals taken to the Supreme Court from judgments rendered by the district courts. Both acts authorize the clerk of the trial court to *send* to the aggrieved party or his attorney *a written notice* of the judgment rendered in the case.

Construing § 2 of the Act of March 9, 1911, applicable to appeals from the district courts to the Supreme Court, we have held, on several occasions, that the usual practice of sending the notice by messenger is legal, and similarly as to the practice of sending the notice by mail, since in the

latter case the postman would be doing the same thing that the messenger of the court would do. And that "all that the law requires of the secretary is that he shall send the notice by mail and file a copy thereof." *Martorell* v. *Andino & Febres,* 38 P.R.R. 149, 154; *Sánchez* v. *De Jesús,* 39 P.R.R. 761, 762; *Capital of P. R.* v. *Tugwell, Governor,* 61 P.R.R. 834, 835. The service of a notice of judgment does not require the formalities of a service of summons.

The above-cited decisions are applicable to the case at bar. The appeal taken is clearly frivolous and should be dismissed.